# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3737 | **DATE** | May 18, 2012 |
| **CASE TITLE** | L.C. Johnson (N-92369) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order either to file a complete *in forma pauperis* application in compliance with this order or to pay the $350 filing fee. The complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff, L.C. Johnson, an inmate at Lawrence Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a portion of an application to proceed *informa pauperis* but the application is incomplete.

    Local Rule 3.3 of this Court requires that persons seeking leave to file *in forma pauperis* to file both an *in forma pauperis* petition and a financial affidavit. The *in forma pauperis* form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. Effective April 26, 1996, the PLRA significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

    The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

    (A)    the average monthly deposits in the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). The court will authorize prison officials to deduct the initial filing fee payment directly from plaintiff's trust fund account. Thereafter, correctional authorities having custody of plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

    To enable the Court to make the necessary initial assessment of the filing fee, plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application 30 days from the date of this order on the form required by the rules of this Court

JJD

| STATEMENT |
|---|

court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).

Having reviewed the substantive allegations of the complaint, the court concludes it does not state a claim against a suable defendant. Plaintiff alleges that four Chicago Police Officers used excessive force on Plaintiff and falsely arrested him. Plaintiff identifies the Chicago Police Department and four unknown John Doe police officers as Defendants. The sole named Defendant, the Chicago Police Department, is not an entity separate from the City of Chicago and is not a suable party. *West By & Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir.1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001).

Plaintiff does not know the names of the police officer Defendants who allegedly injured him. In such circumstances, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claim but cannot name the police officers, he should amend the complaint to add as a Defendant a supervisory official or administrator who is in a position to identify the unknown Defendants (such as the Chicago Police Chief Garry McCarthy). Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may ask leave of court to amend his complaint to substitute their names in place of the unknown correctional officers. Summonses would then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed.

The existing complaint is dismissed without prejudice. Plaintiff has leave, within 30 days from the date of this order, to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed, but Plaintiff will remain responsible for paying the filing fee.